# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **BRUCE E. KATZ, M.D., P.C., d/b/a JUVA SKIN AND LASER CENTER**, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**CAPITAL MEDICAL EDUCATION, LLC,** a South Carolina limited liability company,<br><br>*Defendant*. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Bruce E. Katz, M.D., P.C. d/b/a Juva Skin and Laser Center ("Juva" or "Plaintiff") brings this Class Action Complaint against Defendant Capital Medical Education, LLC ("Capital" or "Defendant") to stop Capital's practice of sending unsolicited fax advertisements and to obtain redress for all persons injured by their conduct. Plaintiff, for its Class Action Complaint, alleges as follows upon personal knowledge as to itself and its own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by its attorneys.

## PARTIES

1.  Plaintiff is a professional corporation incorporated and existing under the laws of the State of New York. Plaintiff's principal place of business is in Manhattan.

2.  Defendant is a South Carolina limited liability company with its headquarters in Columbia, South Carolina. Defendant does business throughout the United States, including in this State and in this District.

**JURISDICTION & VENUE**

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq.* ("TCPA"), a federal statute.

4. The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant regularly conducts business in this District, is headquartered in this District, and a substantial part of the events giving rise to the claims asserted here occurred in and emanated from this District.

**COMMON ALLEGATIONS OF FACT**

5. This case challenges Defendant's practice of sending unsolicited fax advertisements.

6. The federal Telephone Consumer Protection Act of 1991, as amended by the Junk Fax Prevention Act of 2005, 47 USC § 227 ("JFPA" or the "Act"), and the regulations promulgated under the Act, prohibits a person or entity from faxing or having an agent fax advertisements without the recipient's prior express consent, invitation, and permission. The JFPA provides a private right of action and provides statutory damages of $500 per violation.

7. Upon information and belief, Defendant has sent facsimile transmissions of unsolicited advertisements to Plaintiff and the Class in violation of the JFPA. See "Capital Fax," a true and correct copy of which is attached hereto as Exhibit A. The Capital Fax promote the services and goods of Defendant.

8. Plaintiff is informed and believes, and upon such information and belief avers, that Defendant has sent, and continues to send, unsolicited advertisements via facsimile transmission in violation of the JFPA.

2

9. Unsolicited faxes cause concrete and particularized legal harm and damages to their recipients. A junk fax recipient loses the use of its fax machine, paper, and ink toner. An unsolicited fax wastes the recipient's time that would have been spent on something else. A junk fax also invades the recipient's privacy. Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

10. On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendant under the JFPA.

11. Plaintiff is informed and believes, and upon such information and belief avers, that this action is based upon a common nucleus of operative fact because the facsimile transmissions at issue were and are being done in the same or similar manner. This action is based on the same legal theory, namely liability under the JFPA. This action seeks relief expressly authorized by the JFPA: (i) injunctive relief enjoining Defendant, its employees, agents, representatives, contractors, affiliates, and all persons and entities acting in concert with them, from sending unsolicited advertisements in violation of the JFPA; and (ii) an award of statutory damages in the minimum amount of $500 for each violation of the JFPA, and to have such damages trebled, as provided by § 227(b)(3) of the Act.

## FACTS SPECIFIC TO PLAINTIFF

12. Defendant transmitted by telephone facsimile machine an unsolicited fax to Plaintiff. A copy of the facsimile is attached hereto as Exhibit A.

13. The facsimile at issue was transmitted to Plaintiff on October 31, 2019.

14. Defendant knew about, profited by, and received the benefits of marketing of its

3

products and is a responsible party under the JFPA.

15. Defendant created or made the fax attached in Exhibit A, which advertise Defendant's goods and services that Defendant intended to and did in fact distribute to Plaintiff and the other members of the Class.

16. The Capital Fax is part of Defendant's work or operations to market Defendant's goods or services, which are performed by Defendant and/or on behalf of Defendant. Therefore, the Capital Fax constitutes material furnished in connection with Defendant's work or operations.

17. Plaintiff had not impliedly or expressly invited or given permission to Defendant to send the Capital Fax and had no prior relationship with Defendant.

18. On information and belief, Defendant faxed the same unsolicited facsimiles to Plaintiff and more than 40 other recipients without first receiving the recipients' express permission or invitation.

19. There is no reasonable means for Plaintiff (or any other class member) to avoid receiving unauthorized faxes. Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

## CLASS ACTION ALLEGATIONS

20. In accordance with F. R. Civ. P. 23(b)(1), (b)(2) and (b)(3), Plaintiff brings this class action pursuant to the JFPA, on behalf of the following class of persons:

> All persons in the United States who (1) on or after four years prior to the filing of the initial complaint in this action, (2) were sent, by Defendant or on Defendant's behalf, (3) a telephone facsimile message substantially similar to those attached as Exhibit A, (4) from whom Defendant claims it obtained prior express permission or invitation to send faxes in the same manner as Defendant claims it obtained prior express permission or invitation to send a fax the Plaintiff.

4

21.     The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the class definition following appropriate discovery.

22.     <u>Class Size (F. R. Civ. P. 23(a)(1))</u>: Plaintiff is informed and believes, and upon such information and belief avers, that the number of persons and entities of the Plaintiff Class is numerous and joinder of all members is impracticable. Plaintiff is informed and believes, and upon such information and belief avers, that the number of class members is in the thousands.

23.     <u>Commonality (F. R. Civ. P. 23 (a) (2))</u>: Common questions of law and fact apply to the claims of all class members. Common material questions of fact and law include, but are not limited to, the following:

      a.     Whether the Defendant sent unsolicited fax advertisements;

      b.     Whether the Defendant's faxes advertised the commercial availability of property, goods, or services;

      c.     Whether the manner and method the Defendant used to compile or obtain the list of fax numbers to which it sent the Capital Fax and other unsolicited faxed advertisements procured prior express consent from the recipients to send the faxes;

    d.    Whether the Defendant faxed advertisements without first obtaining the recipient's prior permission or invitation;

    e.    Whether the Defendant sent the faxed advertisements knowingly;

    f.    Whether the Defendant violated the provisions of 47 U.S.C. § 227 and the regulations promulgated thereunder;

    g.    Whether the Defendant should be enjoined from faxing advertisements in the future;

    h.    Whether the Plaintiff and the other members of the Class are entitled to statutory damages; and

    i.    Whether the Court should award treble damages.

24. <u>Typicality (F. R. Civ. P. 23 (a) (3))</u>: The Plaintiff's claims are typical of the claims of all class members. The Plaintiff received the Fax sent by or on behalf of the Defendant advertising goods and services of the Defendant during the Class Period. The Plaintiff is making the same claims and seeking the same relief for itself and all class members based upon the same federal statute. The Defendant has acted the same or in a similar manner with respect to the Plaintiff and all the class members.

25. <u>Fair and Adequate Representation (F. R. Civ. P. 23 (a) (4))</u>: The Plaintiff will fairly and adequately represent and protect the interests of the Class. It is interested in this matter, has no conflicts and has retained experienced class counsel to represent the Class.

26. <u>Common Conduct (F. R. Civ. P. 23 (b) (2))</u>: Class certification is appropriate because the Defendant has acted and refused to act in the same or similar manner with respect to all class members thereby making injunctive and corresponding declaratory relief appropriate. The Plaintiff requests such relief as authorized and appropriate by 47 U.S.C. §227.

27. <u>Predominance, Superiority, and Manageability (F. R. Civ. P. 23 (b) (3))</u>: Common questions of law and fact predominate over any questions affecting only individual members, and a class action is superior to other methods for the fair and efficient adjudication of the controversy because: (a) Proof of the claims of the Plaintiff will also prove the claims of the Class without the need for separate or individualized proceedings; (b) Evidence regarding defenses or any exceptions to liability that the Defendant may assert and prove will come from the Defendant's records and will not require individualized or separate inquiries or proceedings; (c) the Defendant has acted and are continuing to act pursuant to common policies or practices in the same or similar manner with respect to all class members; (d) the amount likely to be recovered by individual class members does not support individual litigation.

28. A class action will permit a large number of relatively small claims involving virtually identical facts and legal issues to be resolved efficiently in one (1) proceeding based upon common proofs; and this case is manageable as a class action in that: the Defendant identified persons or entities to receive the fax transmission and it is believed that the Defendant's computer and business records will enable the Plaintiff to readily identify class members and establish liability and damages; liability and damages can be established for the Plaintiff and the Class with the same common proofs; statutory damages are provided for in the statute and are the same for all class members and can be calculated in the same or a similar manner; a class action will result in an orderly and expeditious administration of claims and it will foster economics of time, effort and expense; a class action will contribute to uniformity of decisions concerning the Defendant's practices; and as a practical matter, the claims of the Class are likely to go unaddressed absent class certification.

**FIRST CAUSE OF ACTION**
**Claim for Relief for Violation of the JFPA, 47 U.S.C. § 227,** *et seq*

29. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

30. The JFPA makes unlawful for any person to "use any telephone facsimile machine, computer or other device to send, to a telephone facsimile machine, an unsolicited advertisement …" 47 U.S.C. § 227(b)(1)(C).

31. The JFPA defines "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227 (a) (5).

32. The faxes sent by Defendant advertised Defendant's products and services, were commercial in nature, and are advertisements under the TCPA.

33. Plaintiff and the other class members never gave prior express consent to receive the faxes.

34. **The Fax.** Defendant sent the Capital Fax via facsimile transmission from telephone facsimile machines, computers, or other devices to the telephone facsimile machines of Plaintiff and members of the Plaintiff Class. The Capital Fax constituted an advertisement under the Act. The Capital Fax were transmitted to persons or entities without their prior express permission or invitation. By virtue thereof, Defendant violated the JFPA and the regulations promulgated thereunder, by sending the Capital Fax via facsimile transmission to Plaintiff and members of the Class.

35. **Defendant's Other Violations.** Plaintiff is informed and believes, and upon such information and belief avers, that during the period preceding four years of the filing of this Complaint and repeatedly thereafter, Defendant has sent via facsimile transmission from

telephone facsimile machines, computers, or other devices to telephone facsimile machines of members of the Plaintiff Class faxes that constitute advertisements under the JFPA that were transmitted to persons or entities without their prior express permission or invitation. Plaintiff is informed and believes, and upon such information and belief avers, that Defendant is continuing to send unsolicited advertisements via facsimile transmission in violation of the JFPA and the regulations promulgated thereunder, and absent intervention by this Court, will do so in the future.

36.     The TCPA/JFPA provides a private right of action to bring this action on behalf of Plaintiff and the Plaintiff Class to redress Defendant's violations of the Act as well as for statutory damages. 47 U.S.C. § 227(b)(3). The Act also provides for injunctive relief where appropriate. *Id.*

37.     The Defendant knew or should have known that (a) the Plaintiff and the other class members had not given express invitation or permission for the Defendant or anybody else to fax advertisements about the Defendant's goods or services; and (b) the faxes constituted advertisements.

38.     The Defendant's actions caused damages to the Plaintiff and the other class members. Receiving the Defendant's junk faxes caused the recipients to lose paper and toner consumed in the printing of the Defendant's faxes. Moreover, the Defendant's faxes used the Plaintiff's fax machine. The Defendant's faxes cost the Plaintiff time, as the Plaintiff and its employees wasted their time receiving, reviewing and routing the Defendant's unauthorized faxes. That time otherwise would have been spent on the Plaintiff's business activities. The Defendant's faxes unlawfully invaded the Plaintiff's and other class members' privacy interests in being left alone. Finally, the injury and property damage sustained by Plaintiff and the other

class members from the sending of Defendant's advertisements occurred outside of Defendant's premises.

39.     Plaintiff demands on its own behalf and on behalf of the class members $500 per fax, to be trebled if willfulness is found. Plaintiff also requests injunctive and corresponding declaratory relief.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of itself and the Class, prays for the following relief:

1.     An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff as the representative of the Class and appointing its attorneys' as Class Counsel;

2.     An award of actual monetary loss from such violations or the sum of five hundred dollars ($500.00) for each violation, whichever is greater to be paid into a common fund for the benefit of the Class Members;

3.     An order enjoining Defendant from further violations, and otherwise protecting the interests of the Class;

4.     An order declaring that Defendant's faxes are advertisements, and that Defendant sent the faxes without obtaining prior express permission or invitation to do so;

5.     An award of pre- and post-judgment interest;

6.     An award of reasonable attorneys' fees and costs to be paid from the common fund; and

7.     Such further and other relief the Court deems reasonable and just.

**JURY DEMAND**

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully Submitted,

**BRUCE E. KATZ, M.D., P.C., d/b/a JUVA SKIN AND LASER CENTER**, individually and on behalf of class of similarly situated individuals

Dated: July 3, 2020

By:  /s/ Margaret A. Collins
     One of Plaintiff's Attorneys

Margaret A. Collins, Esquire,
Attorney for Plaintiff
P.S.L.G., LLC d/b/a Palmetto State Law Group, LLC
2241 Bush River Road
Columbia, SC 29210
Office: (803) 708-7442
meg@pslawsc.com

Steven Woodrow*
swoodrow@ppeluso.com
Patrick Peluso*
ppeluso@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 E. Mexico Avenue, Suite 300
Denver, CO 80210
Phone: (720) 213-0675

*Motions for admission *pro hac vice* to be filed

11